NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: VERITY HEALTH SYSTEM OF CALIFORNIA, INC., <br><br> Debtor, | No. 19-55997 <br><br> D.C. No. 2:18-cv-10675-RGK |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VERITY HEALTH SYSTEM OF CALIFORNIA, INC., <br><br> Appellant, <br><br> v. <br><br> VERITY HEALTH SYSTEM OF CALIFORNIA, INC.; et al., <br><br> Appellees. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 2, 2020
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  FERNANDEZ and OWENS, Circuit Judges, and AMON,*** District Judge.

The Official Committee of Unsecured Creditors of Verity Health System of California, Inc. (the Committee) appeals from the district court's dismissal of the Committee's appeal from the bankruptcy court.  The Committee argues the waivers under 11 U.S.C. § 506(c) and 11 U.S.C. § 552(b) in the bankruptcy court's Final Debtor-in-Possession Order (Final DIP Order) prejudice unsecured creditors and unduly benefit secured creditors (Prepetition Secured Creditors).  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

The district court properly dismissed the Committee's appeal as statutorily moot under 11 U.S.C. § 364(e).  Section 364(e) provides as follows:

> The reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

11 U.S.C. § 364(e).  This court has held that § 364(e) "broadly protects any requirement or obligation that was part of a post-petition creditor's agreement to

***      The Honorable Carol Bagley Amon, Senior United States District Judge for the Eastern District of New York, sitting by designation.

finance." *Weinstein, Eisen & Weiss, LLP v. Gill (In re Cooper Commons, LLC)*, 430 F.3d 1215, 1219 (9th Cir. 2005), *cert. denied*, 546 U.S. 1174 (2006); *see id.* at 1219–20 (holding that "any provisions of the financing agreement that [a postpetition creditor] might have bargained for or that helped to motivate its extension of credit are protected by § 364(e)"); *Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1488 (9th Cir. 1987).

Here, the waivers are included in the Final DIP Order—a postpetition financing arrangement authorized under § 364.[1] The DIP Lender required the Prepetition Secured Creditors' consent to the Final DIP Order as a precondition to its obligation to make the revolving loans. In turn, the Prepetition Secured Creditors conditioned their consent on, among other things, the inclusion of the waivers in the adequate protection package. Therefore, the waivers were "part of a post-petition creditor's agreement to finance" and "helped to motivate [the DIP Lender's] extension of credit." *Cooper Commons*, 430 F.3d at 1219–20. As the Committee does not dispute that it did not obtain (or seek) a stay pending appeal and that the DIP Lender acted in good faith, the removal of the waivers from the

---

[1] The Committee's contention that the Prepetition Secured Creditors are not entitled to § 364(e)'s protections because the adequate protection package was authorized under 11 U.S.C. § 361 is meritless. The adequate protection package, although not expressly included in § 364, is protected by § 364(e) because the package is part of Ally Financial, Inc.'s (the DIP Lender) agreement to finance. *See Adams Apple*, 829 F.2d at 1488.

3

Final DIP Order would constitute a modification of an authorization to obtain credit to which § 364(e) applies.

The Committee argues § 364(e) is irrelevant here because it stipulated with the DIP Lender that all rights and protections granted to the DIP Lender shall remain in full force and effect even if the Committee is successful in its appeal. Because we conclude the Prepetition Secured Creditors are also entitled to § 364(e)'s protections, this stipulation does not change the analysis.[2]

The Committee additionally relies on the bankruptcy court's order that authorized Verity Health System of California, Inc. and its subsidiaries (the Debtors) to use the proceeds from the sales of its hospitals to repay in full the amounts outstanding to the DIP Lender (the Supplemental Cash Collateral Order).[3]

---

[2]    Further, the stipulation's force should be limited because only the Committee and the DIP Lender agreed to it and the bankruptcy court never approved it.

[3]    The Committee has filed a motion to supplement the record with the Supplemental Cash Collateral Order, which the Debtors and Prepetition Secured Creditors oppose. While this court generally does not allow parties to supplement the record on appeal with documents not before the district court, it has recognized that supplementing the record may be necessary when engaging in a mootness analysis. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Therefore, we grant the motion as to the Supplemental Cash Collateral Order.
The Committee also asks this court to supplement the record with filings in two challenge actions against the Prepetition Secured Creditors. Because the challenge actions are not relevant to this court's mootness inquiry, we deny the motion to supplement as moot as to the challenge actions.

The Committee argues that because the DIP Lender has been fully repaid, § 364(e)'s protections are no longer relevant. However, the Supplemental Cash Collateral Order does not "terminate, restrict or modify the adequate protection granted to the Prepetition Secured Creditors pursuant to the Final DIP Order." It indicates that "[n]othing herein shall alter any rights, claims, entitlements or defenses of the Debtors, the Prepetition Secured Creditors or the Committee." Moreover, the Final DIP Order explicitly states that it will survive any subsequent orders issued by the bankruptcy court. Therefore, the Supplemental Cash Collateral Order does not affect the protections flowing to the Prepetition Secured Creditors through the Final DIP Order.

Thus, the district court properly dismissed the Committee's appeal as statutorily moot under § 364(e).[4]

**AFFIRMED.**

---

[4] The Committee contends that the district court erred by not addressing equitable mootness. We disagree. A court may dismiss an appeal as statutorily moot under § 364(e) without addressing the separate doctrine of equitable mootness, as we do here. *See Adams Apple*, 829 F.2d at 1488–91.